IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE TRAVELERS INDEMNITY )
COMPANY, )
 )
                Plaintiff, )
 )
v. ) Case No. 18-cv-1287-EFM-TJJ
 )
P1 GROUP, INC., )
 )
                Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Modify the Scheduling Order to Disclose Expert Witnesses Out of Time (ECF No. 36). In its motion, Plaintiff seeks leave to disclose Jeffrey D. Perry, CPA as a witness to present evidence under Federal Rules of Evidence 702, 703, or 705, and to concomitantly allow disclosure of Mr. Perry's report. Defendant opposes the motion. For the reasons set forth below, the Court denies the motion, directs Plaintiff to produce Mr. Perry for deposition, and re-sets the Final Pretrial Conference and the parties' deadline to submit their proposed pretrial order.

**I.    Background**

The Amended Scheduling Order, which the Court amended at the parties' joint request during an April 2, 2019 Status Conference, calls for the Final Pretrial Conference to be held on July 18, 2019, contains a dispositive motions deadline of August 16, 2019, and defers setting a trial date until the Final Pretrial Conference. Discovery closed on July 5, 2019, and the parties' deadlines for expert disclosures have also passed.[1]

---

[1] *See* ECF No. 27 (order dated April 2, 2019).

The parties conducted a mediation on June 27, 2019, which did not result in a resolution of the case. About a week before the mediation, Defendant deposed Tania Thompson, McPherson Hospital's Financial Analyst.[2] In a January 11, 2019 supplemental Rule 26 disclosure, Plaintiff had identified Ms. Thompson as a person having information regarding the basis for the Hospital's business income loss, among other items. During the deposition, Ms. Thompson revealed that while she had provided information to Travelers for its use in calculating the Hospital's business income loss, she had not performed the calculation.

Following Ms. Thompson's deposition, Plaintiff's counsel confirmed that Mr. Perry had used Ms. Thompson's data to calculate the business loss shown on his schedules. Counsel then notified defense counsel that Travelers may call Mr. Perry as a witness at trial and offered to make him available for deposition. Defendant objected, arguing Mr. Perry is an expert witness and the documents he submitted do not satisfy the expert witness disclosures. There is no indication counsel ever discussed whether Mr. Perry's obligations as an alleged expert witness would fall under Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C).

In an effort to ensure Mr. Perry could provide trial testimony, Plaintiff filed the instant motion.

## II.  Legal Standard

A Scheduling Order may be amended only upon a showing of good cause.[3] "The 'good cause' standard primarily considers the diligence of the party. The party seeking an extension

---

[2] McPherson Hospital is Plaintiff's insured. In this action, Plaintiff attempts to recover indemnity payments it made to the Hospital on the theory that Defendant is responsible for the property damage the Hospital suffered.

[3] Fed. R. Civ. P. 16(b)(4).

must show that despite due diligence it could not have reasonably met the scheduled deadlines."[4]

A party does not establish good cause by demonstrating lack of prejudice to the opposing party.[5]

**III. Analysis**

At some point during their communications with each other and in their briefing on this motion, each party asserts Mr. Perry is an expert witness and that he is not an expert witness. For Plaintiff, its original position following Ms. Thompson's deposition was that Mr. Perry is a fact witness.[6] But in filing this motion, Plaintiff seeks permission to belatedly disclose Mr. Perry as an expert witness, even as it states the "position that Mr. Perry's and Ms. Thompson's calculations of business lost profits is not expert opinion."[7]

For Defendant, its initial position was that Mr. Perry is an undesignated expert for whom Plaintiff made no disclosures.[8] Yet in its response to Plaintiff's motion, Defendant asserts Mr. Perry's calculations "should not be the subject of expert testimony" and he is "just a fact witness."[9] Later, Defendant seems to have no objection to Plaintiff identifying Mr. Perry as an expert witness and considering the schedules Plaintiff produced in its Rule 26 initial disclosures to be his "report."[10]

---

[4] *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (internal citation omitted).

[5] *Id.*

[6] *See* June 26, 2019 email from Lisa Martin to Patrick Murphy (ECF No. 36-4 at 1).

[7] ECF No. 36 at 2.

[8] *See* June 26, 2019 email from Patrick Murphy to Lisa Martin (ECF No. 36-4 at 1).

[9] ECF No. 38 at 3, 4.

[10] "[P]laintiff should be held to its position that the 'report' is complete and meets Rule 26(a)(2)(A). No additional report should be permitted. If plaintiff is only trying to add a name

3

By inserting the specter of an expert witness, the parties have lost sight of the fundamental issue. Neither side has addressed the *testimony* Mr. Perry might offer, i.e. whether his testimony would be admissible under Federal Rule of Evidence 701 or 702.[11] "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning that can be mastered only by specialists in the field.'"[12] At this point, it appears Mr. Perry would testify how he used the Hospital's figures to calculate its business loss. Such testimony would likely be lay testimony.[13] If, however, Mr. Perry would offer testimony that constitutes "scientific, technical, or other specialized knowledge,"[14] he would have to be qualified to offer expert testimony. And "[c]ertainly it is possible for the same witness to provide both lay and expert testimony in a single case."[15]

In the context of the standards governing Rules 701 and 702, the Court is not persuaded that Mr. Perry will offer opinions that rely on scientific or other specialized expertise. Accordingly, Plaintiff will have no need for an extension of time to designate him as such. The

---

and 'report' that were omitted for good cause, that is one thing. . . But Travelers should only be allowed to do that." ECF No. 38 at 5.

[11] The rules do not distinguish "between expert and lay *witnesses*, but rather between expert and lay *testimony*." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

[12] *Id.* (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992).

[13] *See Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, No. 09-1264-EFM, 2011 WL 5080309, at *5 (D. Kan. Oct. 25, 2011) ("Although they were accountants, they did not testify as to special accounting procedures or complicated, specialized methods used to calculate the loss. They simply testified that they compiled information taken from Plaintiff's documents, . . . and input this data into a form. . . . The computation involved simple mathematical equations.").

[14] Fed. R. Evid. 702(a).

[15] Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

more fundamental issue, however, is that Plaintiff produced the Travelers Business Income Loss Schedules on December 11, 2018, as part of its initial disclosures. Although the copies apparently were redacted in part with unredacted versions produced on March 1, 2019, both versions of every schedule clearly displayed the notation "Prepared by Jeffrey D. Perry, CPA." Plaintiff has made no attempt to hide Mr. Perry. And while the Court understands that Defendant expected to learn more information from Ms. Thompson about the business loss figures shown on those schedules, it is not Plaintiff's fault that Defendant did not seek discovery from the person who prepared the documents.

Defendant's brief also reveals that its fundamental objection is to the adequacy of Plaintiff's proof of damages, specifically with respect to business income losses.[16] However, that issue is beyond the scope of this motion and its resolution is not informed by whether Mr. Perry might offer lay or expert testimony.

The Court shortened the briefing deadlines for this motion because discovery closed on July 5, two days after Plaintiff filed the motion, the parties' proposed Pretrial Order is currently due on July 15, and the Final Pretrial Conference is set for July 18. Having reviewed the parties' submissions and in light of the applicable legal standards, the Court finds the motion should be denied for the reason that Plaintiff need not produce a Rule 26(a)(2)(B)[17] report or a disclosure pursuant to Rule 26(a)(2)(C)[18] as a prerequisite for Mr. Perry's testimony. But for good cause

---

[16] See ECF No. 38 at 3 ("[T]he method [Travelers] used [to pay the Hospital's damages] will not support a jury verdict against defendant.").

[17] Rule 26(a)(2)(B) requires disclosure of a written report for any witness who "is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

[18] Rule 26(a)(2)(C) describes the contents of the mandatory disclosure for an expert witness who is not required to prepare a written report.

shown and in fairness to both parties, the Court directs Plaintiff to make Mr. Perry available for deposition.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Modify the Scheduling Order to Disclose Expert Witnesses Out of Time (ECF No. 36) is denied.

**IT IS FURTHER ORDERED THAT** Plaintiff make Mr. Perry available for deposition no later than **July 26, 2019**. The Court does not order any cost-shifting in connection with his deposition. The Court also makes the following changes to the Amended Scheduling Order. The parties shall submit their proposed Pretrial Order by **August 6, 2019**. The Final Pretrial Conference is rescheduled for **August 9, 2019, at 10:00 AM**. It will be held by telephone, and counsel shall dial 888-363-4749 and enter Access Code 4901386 to join the conference. The dispositive motions deadline is **August 30, 2019**. As before, the trial date will be set at the Final Pretrial Conference.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 12th day of July, 2019.

Teresa J. James
U. S. Magistrate Judge