# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THE TRAVELERS INDEMNITY
COMPANY,

    *Plaintiff,*

vs.

    Case No. 18-01287-EFM

P1 GROUP, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant P1 Group, Inc.'s ("P1") Motion to Exclude Expert Testimony (Doc. 59) and its accompanying Motion for Hearing (Doc. 61). For the following reasons, the Court denies P1's motions.

### I.     Factual and Procedural Background

The Travelers Indemnity Company ("Travelers") is an insurance company that provided property insurance to McPherson Hospital (the "Hospital"). Travelers is subrogated to the rights of the Hospital in this case. P1 provides facilities maintenance services, including plumbing repairs, to the Hospital. As part of these services, P1 replaced a drain pipe in the Hospital's mechanical room. On October 18, 2016, the Hospital experienced flooding that damaged its property.

P1 moves for the exclusion of Jeffrey Perry's testimony because Travelers did not designate him as an expert pursuant to Fed. R. Civ. P. 26(a) and 37(c)(1). Perry is an in-house certified public accountant for Travelers.

On July 12, 2019, the Magistrate Judge issued an order (Doc. 39) denying Travelers' motion to modify the scheduling order to include Perry as an expert witness. The Magistrate Judge noted that the Federal Rules of Evidence ("FRE") do not distinguish between lay and expert witnesses, but rather lay and expert testimony, and that Perry would provide lay testimony. For good measure, however, the Magistrate Judge extended discovery to allow P1 to depose Perry, which it did on July 26, 2019. P1 now moves to exclude Perry's testimony as expert testimony offered outside of the appropriate timeframe. P1 also asks the Court for a hearing on this motion.

## II.     Legal Standard

Opinions based on scientific, technical, or specialized knowledge are governed by FRE 702. FRE 702 provides that a witness who is qualified by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise as to scientific, technical or other specialized knowledge if such testimony will assist the trier of fact to understand the evidence or to determine a fact in issue, if, (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the witness has applied the

principles and methods reliably to the facts of the case."[1]  A district court has broad discretion in deciding whether to admit expert testimony.[2]

The proponent of expert testimony must show "a grounding in the methods and procedures of science which must be based on actual knowledge and not subjective belief or unaccepted speculation."[3]  To determine whether an expert opinion is admissible, the Court performs a two-step analysis.  First, the Court must determine "if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of his discipline.' "[4]  The Court must then inquire into whether the proposed testimony is sufficiently "relevant to the task at hand."[5]  An expert opinion "must be based on facts which enable [him] to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . [but] absolute certainty is not required."[6]

> The plaintiff need not prove that the expert is [indisputably] correct or that the expert's theory is "generally accepted" in the scientific community.  Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.[7]

---

[1] Fed. R. Evid. 702.

[2] *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (citing *Orth v. Emerson Elec. Co., White–Rodgers Div.*, 980 F.2d 632, 637 (10th Cir. 1992)).

[3] *Mitchell v. Gencorp Inc*., 165 F.3d 778, 780 (10th Cir. 1999) (citation and quotation omitted).

[4] *Norris v. Baxter Healthcare Corp*., 397 F.3d 878, 884 (10th Cir. 2005) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993)).

[5] *Id.* (quoting *Daubert*, 509 U.S. at 597).

[6] *Dodge v. Cotter Corp*., 328 F.3d 1212, 1222 (10th Cir. 2003).

[7] *Bitler v. A.O. Smith Corp*., 400 F.3d 1227, 1233 (10th Cir. 2004) (citing *Mitchell*, 165 F.3d at 781).

*Daubert* sets forth a non-exhaustive list of four factors that the trial court may consider when conducting its inquiry under Rule 702: (1) whether the theory used can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) general acceptance in the scientific community.[8] These factors may or may not be pertinent, depending on the nature of a particular issue, the expert's particular expertise, and the subject of the expert's testimony; however, the Court may consider these factors where they are a reasonable measure of reliability, which is a consideration the Court has broad latitude to determine.[9]

### III.    Analysis

P1 argues that Travelers disclosed Perry in an untimely fashion under Fed. R. Civ. P. 37, failed to properly designate him as an expert witness, and did not produce an expert report under Fed. R. Civ. P. 26. The Magistrate Judge addressed and denied all of these arguments. Further, to remove any element of surprise, the Magistrate Judge extended discovery to allow P1 to depose Perry. Having reviewed that order, the arguments in the current briefing, and Perry's deposition transcript, the Court finds no reason to disturb the Magistrate Judge's decision.

Perry's testimony will attempt to establish how he used the Hospital's financials and business records to calculate its business losses. In *James River Insurance Company v. Rapid Funding, LLC*,[10] the Tenth Circuit reversed a district court's erroneous admission of a witness's

---

[8] *Daubert*, 509 U.S. at 593–94.

[9] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999).

[10] 658 F.3d 1207 (10th Cir. 2011).

valuation testimony as lay opinion, holding that the testimony was expert opinion.[11] The testifying witness was the owner of an apartment complex that burned down, and he submitted an insurance claim valuing the property at approximately $4.4 million.[12] At trial, the district court did not allow his testimony under FRE 702 and *Daubert* since his method was not sufficiently reliable but did allow it as lay opinion testimony under FRE 701.[13] The district court gave a limiting instruction to the jury that the witness's testimony was lay, not expert, opinion.[14]

In determining that the witness's testimony was expert opinion, the Tenth Circuit noted four factors. First, the Court determined that the witness did not qualify under FRE 701 because his testimony was not common and involved technical judgment in determining depreciation and deterioration.[15] The Court discussed the difference between common observations and technical judgments.[16] It concluded that simple mathematical, statistical determinations constituted lay opinion testimony.[17] Testimony based on sophisticated growth rates and S-curves fell under expert testimony as it involved specialized knowledge that could not be reached by an ordinary person.[18]

---

[11] *Id.* at 1209.

[12] *Id.* at 1209–10.

[13] *Id.* at 1211–12.

[14] *Id.* at 1212.

[15] *Id.* at 1214.

[16] *Id.*

[17] *Id.* (discussing *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114 (10th Cir. 2005)).

[18] *Id.* (discussing *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 920 (10th Cir. 2004)).

The second factor the Court highlighted was that the witness's calculations were based in part on his professional experience in real estate.[19] The third factor was that the witness relied on an outside expert's 1,525-page technical report using specialized accounting calculations in determining the valuation.[20] Fourth and finally, the Circuit noted that "the Federal Rules of Evidence generally consider landowner testimony about land value to be expert opinion."[21] Accordingly, because the witness's testimony was based on specialized and technical knowledge, the Circuit determined that the district court abused its discretion in classifying the witness's valuation testimony as lay testimony.

In this case, Perry's testimony does not involve technical judgment. Instead, the testimony is based on his personalized knowledge of the Hospital, including its financial and business records. Rather than testify to the Hospital's accounting procedures or other technical financial calculations, Perry simply located the proper financial figures in the Hospital's records and transposed them into his own report. In this way, he compared the Hospital's financials from the previous and current years, inferring that the resulting difference was a business loss due to the flood. Perry testified that a layperson would simply need basic business knowledge to locate the appropriate figures in the Hospital's records. Even though Perry is an accountant, he did not testify as to special accounting procedures or complicated, specialized methods used to calculate the loss. His computation involved simple mathematical equations. Furthermore, Perry testifies

---

[19] *Id*. at 1215.

[20] *Id.*

[21] *Id.* at 1215–16.

as to the Hospital's lost income, whereas the witness in *James River* testified about property valuation. That distinction is important because the FRE considers property valuation testimony expert opinion.[22] As such, the Court denies P1's motion because Perry does not offer expert testimony.

However, even if the Court were to assume that Perry is offering expert testimony, the Court does not find a *Daubert* hearing necessary. P1 is not challenging Perry's credentials as an accountant. Nor is it challenging his accounting *methodology*. Rather, P1 challenges Perry's relied-upon assumptions and corresponding conclusions. Those challenges are suited for cross-examination, not for exclusion based on *Daubert*. Furthermore, Perry's financial calculations and reports meet FRE 701 and 702 standards because they will be helpful to the jury. As such, even assuming that Perry is offering expert testimony, a *Daubert* hearing is unnecessary.

Lastly, P1 argues that it was prejudiced by Travelers' late admission because it was not able to provide an expert report of its own. Again, this argument assumes Perry's testimony is expert testimony, which the Magistrate Judge and this Court have decided it is not. Moreover, P1 never sought leave to designate its own expert in rebuttal, so the Court will not hear its complaint in that regard at this time.

**IT IS THEREFORE ORDERED** that Defendant P1 Group, Inc.'s Motion to Exclude Testimony (Doc. 59) is **DENIED.**

---

[22] *See* Fed. R. Evid. 702 advisory committee's notes.

**IT IS FURTHER ORDERED** that Defendant P1 Group, Inc.'s Motion for Hearing (Doc. 61) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 21st day of July, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE